UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS DURAND MAY,

       Petitioner,                      CASE NO. 2:19-cv-11712

v.                                      HONORABLE LINDA V. PARKER

CONNIE HORTON,

       Respondent,
_____/

**<u>OPINION AND ORDER (1) DENYING MOTION TO HOLD RESPONDENT IN CONTEMPT [ECF NO. 13]; (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 14]; (3) DENYING EMERGENCY MOTION FOR BOND RELEASE [ECF NO. 16]; (4) DENYING COMPLAINT FOR ATTORNEY GENERAL TO DENOUNCE INTERVENTION FROM THE STATE [ECF NO. 17]; (5) DENYING AMENDED HABEAS PETITION [ECF NO. 2]; (6) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY; AND (7) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

Petitioner Travis Durand May, a state prisoner at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a *pro se* habeas corpus action under 28 U.S.C. § 2254. (ECF No. 2.) He is serving sentences for two plea-based convictions of larceny from a person, Mich. Comp. Laws § 750.357 (sentenced in 1999 and 2011), unarmed robbery, Mich. Comp. Laws § 750.530 (sentenced in 1990), and larceny from a motor vehicle, Mich. Comp. Laws § 750.356a (sentenced in 1991).[1]

---

[1] *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=212304.

In his habeas petition, Petitioner challenges the revocation of his parole in 2017, as well as an unrelated 2017 conviction for larceny from a person. Respondent Connie Horton urges the Court to deny the petition because Petitioner's claims are unexhausted, procedurally defaulted, not cognizable on habeas review, or without merit. Respondent also contends that Petitioner is not in custody for the 2017 conviction under attack. The Court agrees that Petitioner's claims do not warrant granting the writ of habeas corpus.

Accordingly, the petition will be denied. Petitioner's Emergency Motion for Bond Release (ECF No. 16) and Complaint for Attorney General to Denounce Intervention from the State (ECF No. 17) will be denied as moot. Moreover, Petitioner's Motion for Appointment of Counsel (ECF No. 14) and Motion to Hold Respondent in Contempt will also be denied.

## BACKGROUND

On August 12, 2016, while Petitioner was on parole, he forcibly took money, a wallet, and keys from an acquaintance at the person's home in Detroit, Michigan. (*See* ECF No. 12-20 at Pg. ID 1007-08.) Petitioner was promptly arrested and charged with unarmed robbery and aggravated assault. (*See id.* at Pg. ID 1009.) At his preliminary examination, the assault charge was reduced to misdemeanor domestic violence. (*See* ECF No. 12-5 at Pg. ID 536.)

On February 24, 2017, Petitioner pleaded nolo contendere to one count of larceny from a person. (ECF No. 12-14 at Pg. ID 646.) In return, the robbery and domestic-violence charges and a fourth habitual offender notice were dismissed. (*See* ECF No. 12-19 at Pg. ID 748.) There was also an agreement that Petitioner would receive probation with the first six months served in jail. (ECF No. 12-15 at Pg. ID 656.)

On March 30, the trial court sentenced Petitioner to two years of probation with the first six months to be served in the Wayne County Jail. (ECF No. 12-19 at Pg. ID 748.) On July 17, the Wayne County Sheriff released Petitioner. (*See* ECF No. 12-20 at Pg. ID 947.)

On September 24, Petitioner filed a delayed application for leave to appeal his sentence. (ECF No. 12-18.) He argued through counsel that the trial court had abused its discretion by ordering him at sentencing to complete treatment for domestic violence. (*Id.* at Pg. ID 699.) Petitioner also attempted to file a *pro se* brief in which he challenged the trial court's subject-matter jurisdiction. The Michigan Court of Appeals returned the *pro se* brief without filing it and denied leave to appeal for lack of merit in the claim presented to the court. *See People v. May*, No. 340295 (Mich. Ct. App. Nov. 27, 2017).

On appeal to the Michigan Supreme Court, Petitioner challenged the lower court's rejection of his *pro se* appellate brief. (ECF No. 12-19.) On September 28,

3

2018, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented to it. *See People v. May,* 917 N.W.2d 628 (Mich. 2018).

While Petitioner's criminal case was progressing through the state courts, the Michigan Parole Board charged Petitioner with violating ten conditions of parole. (ECF No. 12-20 at Pg. ID 1006-07.) On August 22, 2017, the Michigan Parole Board held a fact-finding hearing, and Petitioner pleaded guilty to violating three conditions of parole. (*See* ECF No. 2 at Pg. ID 41.) The Parole Board also found Petitioner guilty of violating parole due to his 2017 conviction for larceny from a person. (*See* ECF No. 12-20 at Pg. ID 996, 1011.) The other six charges were dismissed, and on September 14, the Michigan Parole Board revoked Petitioner's parole and reinstated the sentences that Petitioner had been serving before his release on parole in 2016. (*See id.* at Pg. ID 996, 1002.)

Petitioner challenged the Parole Board's decision in a state complaint for the writ of mandamus. (*See id.*) The Muskegon County Circuit Court dismissed Petitioner's complaint in a reasoned opinion. *See May v. Michigan Dep't of Corr.,* No. 17-006496-AW (Muskegon Cty. Cir. Ct. May 2, 2018), (ECF No. 12-17).

In an appeal from the circuit court's decision on the mandamus complaint, Petitioner phrased the issue as whether his complaint for the writ of mandamus was the proper way to address an untimely parole revocation hearing. (ECF No. 12-20

4

at Pg. ID 1032-47.)  The Michigan Court of Appeals denied leave to appeal for lack of merit in the ground presented to the court.  *See May v. Dep't of Corr.*, No. 344113 (Mich. Ct. App. Nov. 27, 2018).  Petitioner did not appeal that decision to the Michigan Supreme Court.

Petitioner was discharged from his sentence for the 2017 larceny conviction on March 29, 2019,[2] and he commenced this case on June 7 by filing an initial habeas corpus petition.  (ECF No. 1.)  On June 10, he filed his amended petition.  (ECF No. 2.)  The amended petition challenges both the parole revocation proceedings and the 2017 conviction for larceny from a person.  Petitioner alleges that he is unlawfully imprisoned due to jurisdictional defects in the state circuit court proceedings and in the parole-revocation proceedings.  (*Id.* at Pg. ID 47-48.)

Respondent argues that Petitioner's claim about the revocation of parole is unexhausted or procedurally defaulted because Petitioner did not present the claim to the Michigan Supreme Court.  (*See* ECF No. 11 at Pg. ID 455-60.)  As for Petitioner's challenge to his 2017 conviction, Respondent argues that this Court has no jurisdiction because Petitioner was discharged from that conviction before he filed his habeas petition.  (*Id.* at Pg. ID 464-66.)  Respondent also asserts that the jurisdictional claim is not cognizable on habeas review, is procedurally defaulted, and lacks merit.  (*Id.* at Pg. ID 467-77.)

---

[2] *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=212304.

A procedural default ordinarily is not a jurisdictional matter. *Johnson v. Lee*, 136 S. Ct. 1802, 1806 (2016) (quoting *Trest v. Cain*, 522 U.S. 87, 89 (1997)). A court may bypass a procedural-default question if the claim is easily resolvable against the habeas petitioner. *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). The exhaustion rule also is not a jurisdictional requirement. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). A federal district court may deny a habeas petition on the merits, despite the petitioner's failure to exhaust available state remedies. 28 U.S.C. § 2254(b)(2). The Court, therefore, will proceed to address the merits of Petitioner's claims.

## STANDARD OF REVIEW

A habeas petitioner is not entitled to relief unless the state court's adjudication of his claims on the merits (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law," as determined by the United States Supreme Court, or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). Section 2254(d) "thus imposes a 'highly deferential standard for evaluating state-court rulings,' *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997), and 'demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)." *Renico v. Lett*, 559 U.S. 766, 773 (2010). To obtain a writ of habeas corpus from a

federal court, a state prisoner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). When a state court fails to address the merits of a petitioner's claim, the deference due under § 2254(d) does not apply, and review is *de novo*. *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003); *Dyer v. Bowlen*, 465 F.3d 280, 284 (6th Cir. 2006).

## DISCUSSION

### A. The Pending Motions

The Court begins by addressing Petitioner's motions for appointment of counsel and to hold Respondent in contempt of court. In the latter motion, Petitioner alleges that Respondent failed to comply with the Court's order regarding a responsive pleading and Rule 5 of the Rules Governing § 2254 Cases. (ECF No. 13 at Pg. ID 1069-70.) Rule 5 states that the respondent must attach to the answer the relevant transcripts, briefs, and appellate opinions and orders relating to the conviction of the sentence. *See* Rule 5 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Pursuant to Rule 5, the Court ordered Respondent to file a response to the habeas petition and the relevant portions of the record by December 13, 2019. (ECF No. 3.) According to Petitioner, Respondent failed to provide the

7

Court with over 32 records and committed fraud on the Court. (ECF No. 13 at Pg. ID 1069.)

The docket, however, shows that Respondent filed a timely answer to the habeas petition and the relevant portions of the state-court records on December 12, 2019. (ECF No. 12.) She is not in contempt of court because she did not violate the order for responsive pleading or the Rules Governing Section 2254 Cases. Furthermore, Petitioner himself appears to have filed additional documents that he believes are needed to address his claims. (ECF No. 5.) For these reasons, the Court denies Petitioner's motion to hold Respondent in contempt of court.

In the other pending motion, Petitioner asks the Court to appoint counsel for him in the interest of justice and as a matter of due process. (ECF No. 14 at Pg. ID 1075.) Petitioner acknowledges that prisoners have no constitutional right to appointment of counsel in a collateral attack on their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). "[T]the right to appointed counsel extends to the first appeal of right, and no further." *Id*. Furthermore, a habeas corpus action is a civil proceeding, *Browder v. Dir., Dep't of Corr. of Illinois*, 434 U.S. 257, 269 (1978), and

> appointment of counsel in a civil proceeding . . . is justified only in exceptional circumstances. *See* [*Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993)]. To determine whether these exceptional circumstances exist, courts typically consider "the type of case and the ability

8

>of the plaintiff to represent himself." *Archie v. Christian,*
>812 F.2d 250, 253 (5th Cir. 1987).

*Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Petitioner demonstrated his ability to represent himself during his criminal prosecution, and there are no exceptional circumstances warranting appointment of counsel in this case. The interests of justice also do not require appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B). Accordingly, the motion for appointment of counsel is denied.

In light of the discussion that follows, Petitioner's remaining motions—specifically, the Emergency Motion for Bond Release (ECF No. 16) and Complaint for Attorney General to Denounce Intervention from the State (ECF No. 17)—are denied as moot.

### B. Petitioner's Claims

#### 1. The Parole Revocation Proceedings

Petitioner's first claim challenges the revocation of his parole in 2017. He appears to argue that, under state law, he was entitled to a preliminary hearing within 10 days of his arrest or notification of the parole-violation charges and a fact-finding hearing within 45 days of his arrest or notice of the parole-violation charges. (ECF No. 2 at Pg. ID 42.) Petitioner points out that he was arrested and served with notice of the parole-violation charges in mid-August 2016, but he did not have a fact-finding hearing on the parole-violation charges until a year later, on

9

August 22, 2017. (*Id.* at Pg. ID 41.) According to him, the hearing was untimely under Michigan law, and there was a jurisdictional defect in the parole process. (*Id.* at Pg. ID 41-43.)

The Muskegon County Circuit Court analyzed Petitioner's claim under state law and found no merit in the claim. (ECF No. 12-17.) Petitioner then appealed the circuit court decision, and the Michigan Court of Appeals affirmed. (ECF No. 12-18.)

The United States Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990), and citing *Pulley v. Harris,* 465 U.S. 37, 41 (1984)). In *McGuire*, the Supreme Court

> reemphasize[d] that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Id*. at 67-68. Thus, Petitioner's contention that state officials violated Michigan statutes governing the revocation of parole is not a basis for habeas relief.

Even if Petitioner's claim was cognizable here, the state courts reasonably rejected the claim. Petitioner relies on Michigan Compiled Laws § 791.239a, which provides in relevant part that,

> [w]ithin 10 days after an arrest for an alleged violation of parole, the parolee shall be entitled to a preliminary hearing to determine whether there is probable cause to believe that the conditions of parole have been violated or a fact-finding hearing held pursuant to section [791.2]40a.

Mich. Comp. Laws § 791.239a(1). Section 791.240a, in turn, provides in relevant part that,

> [w]ithin 45 days after a paroled prisoner has been returned or is available for return to a state correctional facility under accusation of a parole violation other than conviction for a felony or misdemeanor punishable by imprisonment[,] . . . the prisoner is entitled to a fact-finding hearing on the charges . . . .

Mich. Comp. Laws § 791.240a(3).

A parolee is "available for return to a state correctional facility" not on the day that he or she received notice of parole-violation the charges, but on the day that the parolee is "incarcerated in a local or county jail solely on the authority of a parole violation warrant" or on the day the parolee is released "on local criminal charges where a parole violation warrant had been issued but not executed." *Hinton v. Parole Bd.*, 383 N.W.2d 626, 627-29 (Mich. 1986)*; see also People v. Wright,* 340 N.W.2d 93, 95 (Mich. 1983) (stating that, "[u]ntil revocation of parole, a paroled prisoner who is being detained locally, and against whom a parole hold has been filed, is not, because of the hold, awaiting incarceration in a state prison").

11

The record before the Court indicates that Petitioner was arrested on the unarmed robbery and assault charges on August 12, 2016. (ECF No. 12-20 at Pg. 1062-65.) On August 16, he was charged with violating the conditions of the parole term that he had been serving when he was arrested on the new criminal charges, and a parole-violation warrant was issued. (*See* ECF No. 2 at Pg. ID 41.) He initially requested a preliminary hearing on the parole-violation charges. (ECF No. 12-20 at Pg. ID 1008.) However, he remained in custody on the criminal charges, and on February 24, 2017, he pleaded nolo contendere to larceny from a person. (*See* ECF No. 12-14 at Pg. ID 646.)

On March 30, Petitioner was sentenced in the criminal case and once again served with notice of the parole-violation charges. (*See* ECF No. 12-15; ECF No. 2 at Pg. ID 41.) He then waived a preliminary hearing on the parole-violation charges. (ECF No. 12-20 at Pg. ID 1008.)

Petitioner was in custody on the criminal charges until July 17, when the Wayne County Sheriff released him. (*See id.* at Pg. ID 947.) At that time, he became available for return to state prison, *see Hinton*, 383 N.W.2d at 627-29, and on August 22, the Parole Board held a formal fact-finding hearing, (*see* ECF No. 5-1 at Pg. ID 211-12). There was no jurisdictional defect in the parole proceedings because Petitioner waived his right to a preliminary hearing on the parole-violation

charges, and the formal fact-finding hearing occurred within forty-five days of July 17, 2017, when Petitioner became available for return to state custody.

There also was no violation of Petitioner's constitutional right to due process during parole-revocation proceedings. The fact-finding hearing occurred within two months of Petitioner being taken into custody on the parole-violation charges, and a lapse of two months is not unreasonable. *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972); *Moore v. Hofbauer*, 144 F. Supp. 2d 877, 880-81 (E.D. Mich. 2001).

The state courts' rejection of Petitioner's claim was objectively reasonable. Therefore, Petitioner has no right to relief on his claim.

### 2. The Criminal Conviction

Petitioner's second claim challenges his 2017 conviction for larceny from a person on jurisdictional or Fourth Amendment grounds. (*See* ECF No. 2 at Pg. ID 45-52.) No state court appears to have adjudicated the merits of this claim. Respondent, however, asserts that Petitioner's claim is moot because Petitioner was no longer in custody for the conviction when he filed his habeas petition. (*See* ECF No. 11 at Pg. ID 466.) The writ of habeas corpus extends to prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a).

Although "[t]here is a well-recognized presumption that wrongful criminal convictions carry collateral consequences," *Gall v. Scroggy*, 603 F.3d 346, 359

13

(6th Cir. 2010), the Supreme Court has "never held . . . a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed," *Maleng v. Cook*, 490 U.S. 388, 491 (1989) (emphasis in original).  "The existence of collateral consequences of his conviction may enable a petitioner who has fully served a sentence he wished to challenge to avoid being dismissed on mootness grounds, but it will not suffice to satisfy the 'in custody' jurisdictional prerequisite unless . . . federal jurisdiction has already attached."  *Ward v. Knoblock*, 738 F.2d 134, 138-39 (6th Cir. 1984).

Petitioner was discharged from his sentence for the 2017 larceny conviction on March 29, 2019,[3] and he commenced this case on June 7, 2019.  Because his sentence fully expired before he filed his habeas petitions, he is not in custody for the conviction under attack.

Petitioner, nevertheless, contends that there was a jurisdictional defect in the circuit court process.  (ECF No. 2 at Pg. ID 48.)  This contention lacks merit because, whether the state court had jurisdiction under the state constitution and state statutes is a question of state law, not federal law.  *Gasquet v. Lapeyre*, 242 U.S. 367, 369 (1917); *Willis v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976).

To the extent Petitioner is challenging the state court's jurisdiction because a violation of the Fourth Amendment allegedly occurred, (*see* ECF Nos. 1 at Pg. ID

---

[3] *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=212304.

9-10; 2 at Pg. ID 39, 47-48), his claim lacks merit for an additional reason: "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial," *Stone v. Powell*, 428 U.S. 465, 494 (1976) (internal and end footnotes omitted). Because Petitioner had a full and fair opportunity to raise his Fourth Amendment claim in state court, that claim is not cognizable here.

Furthermore, even if Petitioner was arrested in violation of the Fourth Amendment, an "illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). "Not all wrongful detentions violate due process" either because "[t]he Constitution does not guarantee that only the guilty will be arrested." *Seales v. City of Detroit*, 959 F.3d 235, 240 (6th Cir. 2020) (quoting *Baker v. McCollan*, 443 U.S. 137, 145 (1979).

Petitioner's jurisdictional claim also lacks substantive merit. To begin, there was probable cause to arrest Petitioner. The facts, as summarized in the Parole Violation Report, indicate that,

> [o]n 8/12/16, Detroit Police Officers Hernden and Bermudez were dispatched to 7601 Jefferson, Apt 501, Detroit, MI 48214 for an unarmed robbery. When officers pulled up to the apartment, the victim, Mr. Guyer, was outside of his apartment complex. He was visibly shaken and stated that from time to time he allows for Parolee Travis May, who is homeless, to use his home to charge his phone. He states that Mr. May came over to his home

15

> about 6pm and asked him for money but was told he did not have any. He states parolee became upset and enraged and began hitting Mr. Guyer, knocking him to the ground attempting to strangle Mr. Guyer. He states that parolee then stood over him going through his pockets removing three dollars, his black wallet and keys to his apartment by force. Officer Hernden spoke to Mr. Sawyers who stated that he was in Apartment 509 and witnessed everything that happened. Mr. May fled the location on foot carrying a black leather bag and wearing a blue/green shirt and khaki pants high top afro. While conducting a search for the offender, Officers Hernden and Bermudez observed Mr. May sitting at the bus stop wearing a blue/green shirt, khaki pants and a large high afro. Officer Hernden placed Mr. May into custody for a parole violation and Robbery Not Armed and conveyed [him] to the Detroit Detention Center without incident.

(ECF No. 2-20 at Pg. ID 1008.)

On August 13, 2016, the state district court magistrate judge and the complaining witness signed the felony complaint, and on August 14, the magistrate judge signed the felony warrant. (*See* ECF No. 12-3 at Pg. ID 494-95.) Both documents (the complaint and warrant) contained specific facts supporting the charges, and on August 14, Petitioner was promptly arraigned. (ECF No. 12-1 at Pg. ID 490.)

On August 29, the magistrate judge conducted a preliminary examination during which the complaining witness identified Petitioner and testified about the incident in question. (ECF No. 12-5.) When the complaining witness finished his testimony, the prosecutor was permitted to amend the second count to make it

misdemeanor domestic violence instead of aggravated assault. (*See id.* at Pg. ID 536.) The magistrate judge then concluded that there was probable cause to believe that an unarmed robbery had been committed and that Petitioner committed the felony. (*Id.* at Pg. ID 535-38.) Having reached that conclusion, the magistrate judge bound Petitioner over for trial in the state circuit court. (*Id.* at Pg. ID 539.)

> The circuit court is a "court of general jurisdiction," M.C.L. § 600.151; M.S.A. § 27A.151, having "original jurisdiction in all matters not prohibited by law. . . ." Const. 1963, art. 6, § 13. Subject matter jurisdiction is presumed unless expressly denied by constitution or statute, *Bowie v. Arder,* 441 Mich. 23, 38, 490 N.W.2d 568 (1992). It is the right of the court to exercise jurisdiction over a class of cases, such as criminal cases. In personam jurisdiction is vested in the circuit court upon the filing of a return of the magistrate before whom the defendant waived preliminary examination, *In re Elliott,* 315 Mich. 662, 675, 24 N.W.2d 528 (1946), or "before whom the defendant had been examined." *Genesee County Prosecutor v. Genesee Circuit Judge,* 391 Mich. 115, 119, 215 N.W.2d 145 (1974). Having once vested in the circuit court, personal jurisdiction is not lost even when a void or improper information is filed. *In re Elliott, supra* at 675, 24 N.W.2d 528.

*People v. Goecke*, 579 N.W.2d 868, 876 (Mich. 1998) (footnotes omitted); *see also People v. McGee*, 672 N.W.2d 191, 199 (Mich. Ct. App. 2003) ("Upon filing of the return by the magistrate, the prosecutor was authorized to file an information, and the circuit court obtained jurisdiction over defendant and the case."). Put simply, "[t]he return having been filed, the circuit court had subject matter

17

jurisdiction over the class of case and personal jurisdiction over the defendant." *Goecke*, 579 N.W.2d at 876.

On September 6, 2016, the state circuit court arraigned Petitioner (*see* ECF No. 12-6) and on February 24, 2017, Petitioner pleaded nolo contendere to the reduced charge of larceny from a person (*see* ECF No. 12-14). Although there were pending motions in the case at the time,[4] Petitioner waived his right to appeal any rulings that the circuit court made on the motions or any motions that should have been filed or heard in the case. (*Id.* at Pg. ID 648.)

Based on the foregoing facts, the state trial court had subject-matter jurisdiction and personal jurisdiction over Petitioner. Petitioner's jurisdictional claim lacks substantive merit.

## CONCLUSION

The state appellate court's rejection of Petitioner's first claim regarding the parole revocation was objectively reasonable. Petitioner's second claim regarding his criminal conviction does not warrant relief because he is not in custody for the conviction under attack, his jurisdictional and Fourth Amendment claims are not cognizable on habeas review, and his claim lacks substantive merit.

Accordingly,

---

[4] Petitioner had filed a motion to quash, a motion to suppress, and a motion regarding the allegedly illegal bindover. (ECF No. 12-14 at Pg. ID 636-37.)

**IT IS ORDERED** that the Amended Petition for Writ of Habeas Corpus (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Contempt (ECF No. 13) and Motion for Appointment of Counsel (ECF No. 14) are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Complaint for Attorney General to Denounce Intervention from the State (ECF No. 17) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's Emergency Motion for Bond Release (ECF No. 16) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He also has not demonstrated that reasonable jurists could disagree with the Court's resolution of his claims or that the issues are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**IT IS FURTHER ORDERED** that, if Petitioner appeals this decision, he may not proceed *in forma pauperis* on appeal because an appeal could not be taken

in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

                                      s/ Linda V. Parker
                                      LINDA V. PARKER
                                      U.S. DISTRICT JUDGE

Dated: September 21, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 21, 2020, by electronic and/or U.S. First Class mail.

                                      s/ R. Loury
                                      Case Manager