UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS DURAND MAY,

      Petitioner,                       Case No. 19-11712

v.

                                          Honorable Linda V. Parker

CONNIE HORTON,

      Respondent,
_____/

**<u>OPINION & ORDER DENYING PETITIONER'S "MOTION TO AMEND OR ALTER JUDGMENT PURSUANT TO Fed. R. Civ. P. 59(e)" [ECF NO. 23]</u>**

      Petitioner Travis Durand May, a state prisoner at the Chippewa Correctional Facility in Kincheloe, Michigan, filed this *pro se* habeas corpus action challenging the revocation of his parole in 2017, as well as an unrelated 2017 conviction for larceny from a person. (ECF No. 2.) In an Opinion and Order entered on September 21, 2020, the Court concluded that Petitioner is not entitled to habeas relief and declined to issue a certificate of appealability or leave to proceed in forma pauperis on appeal. (ECF No. 18.) In the same decision, the Court denied Petitioners' Motion for Contempt, Motion for Appointment of Counsel, Emergency Motion for Bond Release, and Complaint for Attorney General to Denounce Intervention from the State (ECF No. 17). *Id*. Presently before the Court is Petitioner's Motion to Amend pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 23.)

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005), *cert. denied*, 547 U.S. 1070, (2006).  A Rule 59(e) motion "allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Rule 59(e) motions are treated the same as motions for reconsideration brought pursuant to Eastern District of Michigan Local Rule 7.1 because "both are vehicles for a litigant to ask a court to correct a mistake of law or fact." *Quatrine v. Berghuis*, 751 F. App'x 885, 888 (6th Cir. 2018), *cert. denied*, 140 S. Ct. 302 (2019). Local Rule 7.1 provides the following standard of review for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). The movant must not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3).

In his pending motion, Petitioner raises the same and/or substantially similar issues he asserted in his Petition and Motions, with a few exceptions. These are primarily issues on which the Court has already ruled. The Court is not persuaded that there is a clear error of law in its previous decision. There is no newly discovered evidence alleged. Nor does Petitioner identify an intervening change in controlling law or assert that altering or amending the judgment is necessary to prevent manifest injustice. The Court addresses the remaining arguments in turn.

The Court understands Petitioner to argue that the Court should not have denied his Emergency Motion for Bond Release due to COVID-19 Pandemic (ECF No. 16) as moot and should have addressed the motion on its merits. (ECF no. 23 at Pg ID 1240-41, ¶¶ 15-17; ECF no. 23 at Pg ID 1242-43, ¶ 26.) The Court rejects this argument because to receive bond pending a decision on a habeas petition, a petitioner must show a substantial claim of law based on the facts and exceptional

circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *see also Nash v. Eberlin*, 437 F.3d 519, 526, n.10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F.2d at 79. Here, the Petitioner did not make a showing of a substantial claim of law and his habeas claim was denied. Accordingly, he was not entitled to release on bond.

The Petitioner has not moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), nevertheless the Court will address this area of relief.[1] A defendant may move for compassionate release only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court finds that there has not yet been a showing of exhaustion or lapse of 30 days.

---

[1] Petitioner included in his present motion an exhibit of a Prisoner/Parolee Grievance Appeal addressing his need for eye surgery and delays in his treatment due to the Covid-19 Pandemic. (ECF No. at Pg ID 1248-49.) The Court infers that this could be a motion or argument for compassionate release from Petitioner.

Petitioner argues that the Court did not receive his motions (*see* ECF no. 23 at Pg ID 1238-39, ¶¶ 4-6), but they were docketed (ECF Nos. 13,14, 16, 20), reviewed, and addressed in the Court's Opinions and Orders (ECF Nos. 18, 21).

Petitioner further argues that the Court mischaracterized his petition as being brought under 28 U.S.C. § 2254 instead of 28 U.S.C. § 2241(c). (ECF No. 23 at Pg ID 1243 ¶¶ 27-28.) Petitioner, however, challenged the constitutionality of his state court convictions in his request for habeas relief and such challenges are properly brought under § 2254, not § 2241. *See Rittenberry v. Morgan,* 468 F.3d 331, 336-37 (6th Cir. 2006) (holding that petitions filed by prisoners in custody pursuant to a state court judgment are to be filed under § 2254). To the extent Petitioner is alleging that the conditions of his confinement support his release (ECF no. 23 at Pg ID 1242, ¶¶ 23-5), such claims must be asserted in a separate action. *Id*.

In short, Petitioner fails to demonstrate a palpable defect in the Court's September 21, 2020, Opinion and Order.

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion to Amend Under Fed. R. Civ.

5

P. 59(e)" (ECF No. 23) is **DENIED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 29, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 29, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager
